UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

    ASHLEY JONES                              HONORABLE SCOTT W. DALES
                                                       CASE NO. 20-01899-SWD
                                                       CHAPTER 13

           DEBTOR.
_____/

LYNN A. OSBORNE (P66545)
Attorney for Debtor
401 W. Ionia Street
Lansing, MI 48933
(517) 708-2992
--------------------------------
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Creditor
O'REILLY RANCILIO P.C.
Sterling Town Center
12900 Hall Road, Suite 350
Sterling Heights, MI 48313-1151
(586) 997-6481
(586) 726-1000
_____/

**MOTION OF HYUNDAI LEASE TITLING TRUST FOR RELIEF FROM
THE AUTOMATIC STAY AND FOR WAIVER OF PROVISIONS OF
FRBP 4001(a)(3)**

      Hyundai Lease Titling Trust ("Creditor"), pursuant to 11 U.S.C. §§ 361-363 and LBR 9013 and 4001-1 (W.D.M.), moves for relief from the Automatic Stay to permit foreclosure of its security interest on the Debtor's vehicle, to wit: 2018 Kia Sorento bearing Vehicle Identification No. 5XYPG4A36JG349928 and for waiver of the provisions of FRBP 4001(a)(3). This Motion is based on the following:

      1.     This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

      2.     On January 27, 2018, the Debtor entered into a Lease Agreement with the Creditor, a copy of which is attached as Exhibit B.

3. On May 29, 2020 (the Petition date), Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

4. The Chapter 13 Plan filed on May 29, 2020, states the Debtor will assume the lease and will continue making direct payments on the 2018 Kia Sorento, but lists the creditor as Kia Motor Finance.

5. The account is past due for the August 27, 2020, payment for a total past due of $1,195.59.

6. The Creditor has been unable to verify full-coverage insurance on the vehicle.

7. The Creditor is the owner of the above-mentioned vehicle.

8. Pursuant to 11 U.S.C. § 362(d)(2), the Debtor has no equity in the vehicle as it is the property of the Creditor.

9. The Creditor is entitled to relief from the Automatic Stay to foreclose upon its collateral, and to take all action necessary to protect its interest, pursuant to 11 U.S.C. § 362(d)(1) and (2).

10. The proposed Order for Relief from the Automatic Stay is attached as Exhibit A.

In conclusion, the Creditor requests the following:

(a) The entry of the attached Order of Creditor for Relief from the Automatic Stay (Exhibit A); **or**

(b) In the event the Debtor provides proof of adequate insurance coverage on the subject vehicle, the entry of an order which modifies the automatic stay requiring the Debtor to continue to maintain said insurance on the subject vehicle throughout the pendency of the Chapter 13 Proceeding and should the Debtor fail to do so, the Creditor shall be allowed to submit an Affidavit of Default to the Court and upon service of said affidavit on the Trustee, the automatic stay would be immediately terminated and the Debtor required to immediately surrender the subject vehicle to the Creditor; and

(c) In the event the Debtor brings her account current, the entry of an order which modifies the automatic stay requiring the Debtor to maintain the account

with the Creditor current throughout the pendency of the Chapter 13 Proceeding and should the Debtor fail to do so, the Creditor shall be allowed to submit an Affidavit of Default to the Court and upon service of said affidavit on the Trustee, the automatic stay would be immediately terminated and the Debtor required to immediately surrender the subject vehicle to the Creditor; and

(d)     Such other relief the Court deems necessary for the Creditor to protect its interests in its collateral and provide adequate protection.

O'REILLY RANCILIO P.C.

*/s/ Craig S. Schoenherr, Sr.*

_____
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Creditor
12900 Hall Road, Suite 350
Sterling Heights, MI  48313-1151
(586) 726-1000
ecf@orlaw.com

DATED:  November 23, 2020